Affirmed and Memorandum Opinion filed August 23, 2007








Affirmed and Memorandum Opinion filed August 23, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00630-CR

____________

 

RICKY BARNARD BATISTE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 268th
District Court

Fort Bend County, Texas

Trial Court Cause No. 43,096A

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Ricky Barnard Batiste, appeals his felony
conviction of assault of a public servant.  The jury found appellant guilty,
and the trial court assessed his punishment at two years= confinement.  In
his sole point of error, appellant claims the evidence was factually
insufficient to support his conviction.








The Missouri City Police responded to a domestic dispute
call on September 25, 2005.  Appellant and his sister were involved in an
argument when Officers Medina, Torres, and Thompson arrived at the scene. 
Appellant=s eight-year-old son, R.J., was also in the house. 
The officers calmed appellant, and accompanied him and R.J. into a front
bedroom because appellant wanted to talk to his son. Medina testified that when
appellant took his son into the front bedroom of the house, he began to
verbally abuse the child and call him a punk.  Medina commented that the only
punk he saw was appellant, at which point appellant got off the bed and
advanced towards the officers in an Aaggressive manner.@  Medina pulled
out his pepper spray.  Torres then tried to move the child to a safe position,
but appellant blocked his path by shoving his shoulder into Torres.  Torres
instructed appellant to calm down and back up, but appellant said Awhat are you going
to do big man.@  Torres went for the child again and, when appellant
pushed him again, Torres immediately grabbed appellant and fell on the bed. 
During the struggle, Torres= arm came up around appellant=s neck.  Because
appellant was sweaty and struggling, Torres struggled to maintain his grip. 
Torres stated both Medina and Thompson told him to let go and that appellant
was saying, Ahey, you=re choking me.@  Torres testified
Ahe bit me when I
released him, more of a last lick or more to get something in.@  Medina stated he
Asaw [Torres]
release his hands, at which time he yelled out, ah, he bit me.@  Despite the
choke hold, Torres said appellant was able to talk the entire time.

Appellant called R.J. to testify about the events.  R.J.
testified his father never called him a punk, that the police began yelling at
appellant, and appellant said, Awhy are you getting all around me or
something.@  He further testified appellant never pushed the
officers.  R.J. stated the police began choking appellant with both hands, and
appellant could not talk, but could only make choking sounds.  R.J. said
appellant bit Torres while he was being choked.








The State called Torres on rebuttal.  Torres testified that
at least three times on the previous day of trial, he witnessed appellant
talking to R.J. in the courthouse.  Torres also testified he heard appellant=s attorney advise
his client not to talk to R.J.  Torres stated appellant took R.J. to the
restroom and out of view, but Torres could still hear what was being said. 
Torres could hear appellant was Acoaching@ R.J., Atelling his son to
say, if he asks you this tell him the policeman was choking you [sic],@ and A[d]addy didn=t call you this or
daddy didn=t call you that.@  Torres further
testified that R.J. was not present in the room during the struggle because
Thompson removed him immediately after Torres grabbed appellant. 

Appellant argues the evidence is factually insufficient to
support the jury=s rejection of his self-defense claim. 
The Penal Code does not allow an actor to resist arrest with an excuse of
self-defense unless permitted in subsection (c) of Section 9.31.  Tex. Penal Code Ann. ' 9.31(b)(2) (Vernon 2003).  Appellant relies on subsection
(c) in his claim that Torres used force greater than was necessary to
effectuate the arrest, and asserts he bit Torres to defend himself.[1] 
In a self-defense claim, the defendant has the burden of production and must
bring forth some evidence to support the particular defense.  Zuliani v.
State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003).  Once some evidence is
presented, the State has the burden of persuasion but is not required to
produce any evidence.  Id.  The State is required to prove the elements
of the charged offense beyond a reasonable doubt.  Id.








After considering the evidence, the jury convicted
appellant and rejected his claim of self-defense.  See Zuliani, 97
S.W.3d at 524 (stating when a jury finds the defendant guilty, there is an
implicit finding against the defensive theory).  When reviewing a rejection of
a defense, we view the evidence in a neutral light and determine whether (1)
the State=s evidence taken alone is too weak to support the
finding and (2) whether the proof of guilt, although adequate if taken alone,
is against the great weight and preponderance of the evidence.  Cornejo v.
State, No. 14-06-00201-CR, 2007 WL 1848709, at *5 (Tex. App.CHouston [14th
Dist.] June 28, 2007, no pet. h.) (citing Watson v. State, 204 S.W.3d
404, 416B17 (Tex. Crim.
App. 2006); Zuliani, 97 S.W.3d at 594).  The appellate court should be
mindful that a jury has already reviewed the facts and convicted, and that the
court should not order a new trial because it merely disagrees with the
verdict.  Watson, 204 S.W.3d at 414.  Therefore, we will reverse a
guilty verdict on a factual sufficiency challenge only when we can say, with
some objective basis in the record, that the great weight and preponderance of
the evidence contradicts the jury=s verdict.  Cornejo,
2007 WL 1848709, at *5 (citing Watson, 204 S.W.3d at 417).

In reviewing the record in a neutral light, the State=s evidence is not
too weak to support the finding and the proof of guilt is not against the great
weight and preponderance of the evidence.  Thus, we cannot say with an
objective basis that the evidence contradicts the jury=s verdict. 
Accordingly, we overrule appellant=s point of error
and affirm the judgment of the trial court.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed August 23, 2007.

Panel consists of
Chief Justice Hedges and Justices Hudson and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Section 9.31(c) of the Texas Penal Code states:

(c) The use of force to resist an arrest
or search is justified:

(1) if,
before the actor offers any resistance, the peace officer (or person acting at
his direction) uses or attempts to use greater force than necessary to make the
arrest or search; and

(2) when
and to the degree the actor reasonable believes the force is immediately
necessary to protect himself against the peace officer=s (or other person=s)
use or attempted use of greater force than necessary.

Tex. Penal Code Ann. ' 9.31(c).